UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. _____

*ELECTRONICALLY FILED*

JOSEPH ALEXANDER                                                                                    PLAINTIFF

v.

RALPH L. BLAKE -AND-                                                                              DEFENDANTS
P&P TRUCKING LLC

## DEFENDANTS, RALPH L. BLAKE AND
## P&P TRUCKING LLC'S NOTICE OF REMOVAL

Please take notice that Defendants, Ralph L. Blake and P&P Trucking LLC ("Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1441(b) and 1446, hereby submit this Notice of Removal of the above-captioned case, which was originally filed in Boyd Circuit Court, as Civil Action No. 22-CI-00387. In support of removal, Defendants state as follows:

1. On June 3, 2022, Plaintiff, Joseph Alexander ("Plaintiff"), filed a complaint in Boyd Circuit Court (No. 22-CI-00387) against Defendants, Ralph L. Blake ("Blake") and P&P Trucking LLC ("P&P Trucking").

2. The undersigned accepted service on behalf of Defendant P&P Trucking on June 27, 2022. Defendant Blake was served June 18, 2022 by virtue of Kentucky's long-arm statute. Both Defendants consent to this removal and submit this Notice of Removal within thirty days of service pursuant to 28 U.S.C. § 1446(b)(1).

3. The Boyd Circuit Court is located within the Ashland Division of the Eastern District of Kentucky.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as <u>Exhibit 1</u>.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is therefore removable, because the parties are citizens of different states and the amount claimed in controversy exceeds $75,000, exclusive of interest and costs.

6. Upon information and belief, Plaintiff Alexander, at the time of the commencement of this action, was and ever since has been a citizen of the Commonwealth of Kentucky.

7. Defendant Blake, is and was at all times relevant to this action a citizen of the state of Ohio.

8. Defendant P&P Trucking is an Ohio limited liability corporation with its principal place of business in Ohio. Defendant P&P Trucking is, therefore, a citizen of Ohio for purposes of diversity jurisdiction.

9. Plaintiff's Complaint does not state a specific dollar amount of damages claimed. Rather, Plaintiff's Complaint alleges that the subject accident has caused him "serious and permanent injuries to his body," as well as "great physical and mental pain and anguish." Complaint, ¶ 12. Plaintiff further claims to have lost "enjoyment of life, and impairment of earning capacity." *Id*.

10. Despite the lack of a demand for specific dollar amount in the Complaint, a cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 873 (6th Cir. 2000) *abrogated on other grounds by Powerex Corp. v. Reliant Energy Services*, 551 U.S. 224, 232

(2007); *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993) *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1191 (2010).  The preponderance of evidence standard requires only that the defendant allege facts sufficient to establish that the plaintiff's claimed damages would more likely than not exceed the jurisdiction amount.  *Hayes*, 266 F.3d at 572-73.  Punitive damages may be included in the amount-in-controversy calculation.  *Id*.

11. Plaintiff alleges he was injured in an automobile accident in Kentucky. Complaint, ¶¶ 7-8.  At the time of the accident, Defendant Blake was operating a 2007 Kenworth Tractor Trailer.  Complaint, ¶ 8.  Plaintiff claims that he sustained injuries after Blake allegedly merged into his lane of travel, colling with his vehicle.  Complaint, ¶¶ 8-11.

12. Though Plaintiff has not itemized his damages, based on Plaintiff's Complaint and evidence discovered during pre-suit investigation of this matter, including the police report, representations of Plaintiff's counsel, and medical records and expert reports provided by same, the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs.

13. Upon information and belief, the subject accident occurred on December 13, 2021.

14. On June 1, 2022, Plaintiff's counsel sent the undersigned a demand letter, wherein Plaintiff demanded "policy limits."  The applicable policy limits exceed $75,000.00.

15. As part of this demand, Plaintiff's counsel also indicated that, as of June 1, 2022, Plaintiff had incurred approximately $170,725.08 in medical expenses allegedly related to this accident.

16. Upon information and belief, Plaintiff has alleged and will allege that he will incur additional medical expenses in the future as a result of this accident.

17. Upon information and belief, as of June 1, 2022, Plaintiff had allegedly incurred approximately $5,554,80 in lost wages.

18. In sum, Plaintiff has already identified over $175,000 in alleged damages. Notably, this figure does not take into account Plaintiff's alleged damages for (past and future) pain and suffering, as well the damages stemming from his alleged impairment to earn income. It is reasonably expected that Plaintiff will claim some multiple of his medical or other claimed special damages as an amount for pain and suffering.

19. Based on all of the above, it is reasonable to conclude that Plaintiff is seeking in excess of $75,000 in damages in this case, exclusive of interest and costs.

20. This Notice of Removal is timely filed in this Court. Under 28 U.S.C. § 1446, a notice of removal shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1). If it is not possible to determine whether a case is removable based on the initial pleadings, however, a removal notice may be filed within thirty days after receipt by the defendant . . . of a copy of the amended pleading, motion, order or other paper from which it may first be ascertained that the case is one with which is or has become removable. *Id*. § 1446 (b)(3). The definition of "other paper" for removal purposes includes "information relating to the amount in controversy." *Id*. § 1446(c)(3). This Notice of Removal is filed within thirty (30) days after receipt by the Defendants of the initial pleading. Additionally, this Notice is filed within one year since the commencement of this action. Notice of Removal, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

21. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, is being filed with the Clerk of the Boyd Circuit Court, and a copy of the same is being served upon all parties.

22. Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove this case.

23. Defendants reserve all defenses and objections including, without limitation, the defenses of insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and any other defenses or objections available upon applicable law, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

Respectfully submitted,

*/s/ Matthew P. Dearmond*
David J. Kellerman
Matthew P. Dearmond
MIDDLETON REUTLINGER
401 S. 4th Street, Suite 2600
Louisville, Kentucky  40202
dkellerman@middletonlaw.com
mdearmond@middletonlaw.com
(502) 584-1135
(502) 561-0442 Facsimile
*Counsel for Defendants*

CERTIFICATE OF SERVICE

It is hereby certified that on July 7, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system; it is further certified that on July 7, 2022 the following counsel of record was served, via email:

Adrian Mendiondo
MORGAN & MORGAN KENTUCKY, PLLC
333 W. Vine St., Suite 1200
Lexington, Kentucky  40507
amendiondo@forthepeople.com
*Counsel for Plaintiff*

*/s/ Matthew P. Dearmond*
*Counsel for Defendants*

5